# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| Movant, | ) ) | |
| | ) | Case No.   16-MC-09005-SRB |
| v. | ) ) | Related:    3:15-CV-00295 |
| RICHARD JORDAN and RICKY CHASE, | ) ) ) | (S.D. Miss.) |
| Respondents. | ) ) | |

## **ORDER**

Before the Court is Movant's Motion to Reconsider Order to File Amended Privilege Log.  (Doc. #23).  For the reasons discussed below and for the reasons discussed at the in-person hearing on July 1, 2106, the motion is DENIED.

### I.   Background

On June 28, 2016, the Court entered an order directing, "Within 7 days the MDOC shall file an amended privilege log listing the title of the document, the type of the document, the date of creation of the document, the date of creation of the document, subject matter of the document, the author of the document and/or recipient(s) of the document."  (Doc. #22).  The same day the Missouri Department of Corrections filed the present motion asking the Court to reconsider its ruling because sovereign immunity applies and the additional information could lead to the discovery of privileged information sought to be protected in violation of Federal Rule of Civil Procedure 45(e)(2).

**II. Discussion**

A privilege log must "enable the parties to assess the applicability of the privilege being asserted." Ins. Corp. of Hanover v. Vantage Prop. Mgmt., L.L.C., 2006 WL 1131759 (W.D. Mo. 2006). Movant has produced a privilege log to Respondents that includes only the document number, the bates numbers associated with each page, and the privilege asserted as applying to each document. This wholly fails to meet the standard applicable to privilege logs in that Respondents cannot evaluate the applicability of the privilege being asserted based on the information provided. Rule 45(e)(2)(A)(ii) requires Movant to "describe the nature of the documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

Further, Movant's objections to providing the categories of information ordered by the Court on June 28, 2016, are overruled. First, sovereign immunity does not shield Movant from producing a privilege log. The Eighth Circuit has held, "Governmental units are subject to the same discovery rules as other persons and entities having contact with the federal courts. There is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." In re Missouri Dep't of Natural Resources. 105 F.3d 434, 436 (8th Cir. 1997) (citation omitted). The issue raised in the Movant's Motion to Quash have not yet been ruled and sovereign immunity may be applicable later in this case. At this point the only issue is the production of a privilege log.

Upon an in camera review of an amended privilege log prepared by Movant during the July 1, 2016, hearing, the Court finds that nothing contained therein would directly reveal privileged information sought to be protected by Movant. The privilege log reviewed by this

**II. Discussion**

A privilege log must "enable the parties to assess the applicability of the privilege being asserted." Ins. Corp. of Hanover v. Vantage Prop. Mgmt., L.L.C., 2006 WL 1131759 (W.D. Mo. 2006). Movant has produced a privilege log to Respondents that includes only the document number, the bates numbers associated with each page, and the privilege asserted as applying to each document. This wholly fails to meet the standard applicable to privilege logs in that Respondents cannot evaluate the applicability of the privilege being asserted based on the information provided. Rule 45(e)(2)(A)(ii) requires Movant to "describe the nature of the documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

Further, Movant's objections to providing the categories of information ordered by the Court on June 28, 2016, are overruled. First, sovereign immunity does not shield Movant from producing a privilege log. The Eighth Circuit has held, "Governmental units are subject to the same discovery rules as other persons and entities having contact with the federal courts. There is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." In re Missouri Dep't of Natural Resources. 105 F.3d 434, 436 (8th Cir. 1997) (citation omitted). The issue raised in the Movant's Motion to Quash have not yet been ruled and sovereign immunity may be applicable later in this case. At this point the only issue is the production of a privilege log.

Upon an in camera review of an amended privilege log prepared by Movant during the July 1, 2016, hearing, the Court finds that nothing contained therein would directly reveal privileged information sought to be protected by Movant. The privilege log reviewed by this

Court, but not by Respondents, complies with Rule 45.  The Court notes that Movant inadvertently included a recipient's name associated with document number 3 that Respondents agreed they did not request and could and should be redacted.  The Court further finds that without the categories of information identified by the Court in its June 28, 2016, Order, Respondents would be unable to evaluate the propriety of the privilege assertions waived, and Respondents are therefore entitled to the information.  Movant expressed concern that someone may be able to get to the privilege log and someone may be able to discover the identity of the individual and/or entity providing Movant with the drug in question.  To properly guard against Movant's concerns, this Court ordered the log to be produced Confidential – Attorneys Eyes Only and the log be filed under seal.  The Court warned Respondents counsel that contempt orders may follow any violation.

Accordingly, it is hereby ORDERED:

1) Movant is directed to produce to Respondents a privilege log that complies with the Court's ruling on June 28, 2016, in substantially the same form as the amended privilege log reviewed by the Court during the July 1, 2016, hearing, except that the recipient name associated with document number 3, which was inadvertently included by Movant's counsel, may be redacted;

2) the privilege log filed under seal shall be treated as an Confidential - Attorneys Eyes Only document that may only be used in connection with this litigation and the related Mississippi federal case identified in the caption; and

3) the Court stays the execution of this Order until the Eighth Circuit resolves any writ filed by Movant so long as such writ is filed within seven 7 days of the date of this Order.

**IT IS SO ORDERED.**

                                                          /s/ Stephen R. Bough
                                                          STEPHEN R. BOUGH
                                                          UNITED STATES DISTRICT JUDGE

Dated: July 1, 2016